```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

ALLEN FISHER,                              :
                                                        **ECF CASE**
                Plaintiff,                 :
                                                        04 Civ. 1895 (WCC)
        - against -                        :
                                                        **OPINION**
GEICO GENERAL INSURANCE COMPANY d/b/a      :    **AND ORDER**
GEICO DIRECT and BETTY F. SCHULTZ,
                                           :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

ROTH & DEMPSEY, P.C.
**Attorneys for Plaintiff**
436 Jefferson Avenue
Scranton, Pennsylvania 18510-2448

KEVIN J. DEMPSEY, ESQ.

    Of Counsel

JAMES G. BILELLO & ASSOCIATES
**Attorneys for Defendant**
  **GEICO General Insurance Company**
875 Merrick Avenue
Westbury, New York 11590

JOHN W. KONDULIS, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Allen Fisher brings this action against defendants GEICO General Insurance Company ("GEICO" or "defendant") and Betty F. Schultz (collectively, the "defendants") seeking a declaratory judgment ruling that GEICO is required to provide coverage to Schultz for an automobile accident in which Fisher was injured. The principal inquiry before this Court is whether the vehicle Schultz was driving at the time of the accident was furnished for her regular use. If it was, plaintiff's claim is not covered by Schultz's GEICO policy because a provision in the insurance policy excludes coverage for vehicles furnished for the regular use of the insured. On May 2, 2005, this Court conducted a bench trial to determine whether the vehicle in question was furnished for Schultz's regular use.

For the reasons stated hereinafter, we find that the vehicle in question was not furnished for Schultz's regular use and therefore conclude that GEICO is required to provide coverage to Schultz for the automobile accident in which plaintiff was injured. Pursuant to FED. R. CIV. P. 52(a), we set forth below our findings of fact and conclusions of law.

## FINDINGS OF FACT

On November 12, 2002, plaintiff, a Pennsylvania resident, was walking across Pennsylvania Avenue in Matamoras, Pennsylvania when he was struck by a motor vehicle owned by Precision Sharpening Inc. ("Precision"), a New York corporation. (Stmt. of Agreed Facts.) The vehicle, a 1987 Chevrolet pick-up truck bearing New York license plate 74871JE (the "vehicle"), was being operated by Schultz, a New York resident who is an employee of Precision. (*Id.*) The vehicle was registered in New York and insured by Allstate Insurance Company ("Allstate") under policy number

050317403 (the "Allstate policy"). (*Id*.) In addition, Schultz personally had an automobile liability policy, Policy No. 247-51-15, (the "Policy"), and an umbrella liability policy, Policy No. 5065653, (collectively, the "GEICO Policies") in effect on November 12, 2002, issued by GEICO, a Maryland corporation authorized to do business in New York. (*Id*.)

As a result of being struck by the vehicle operated by Schultz, plaintiff sustained serious injuries. (1/21/05 Opinion and Order at 1-2.) Consequently, plaintiff presented a claim to GEICO, as Schultz's insurer, for compensation for the injuries he sustained in the accident. (*Id*. at 2.)

Plaintiff's counsel was first contacted regarding his claim by GEICO's adjuster Pat Langham, on January 15, 2003. (*Id*.) However, GEICO did not issue its disclaimer with respect to this matter until September 9, 2003. (*Id*.) GEICO denied coverage for this automobile accident under a provision in its Policy excluding coverage where the vehicle operated by the insured was furnished for the "regular use" of the insured. (Pl. Post-Trial Brief at 3.) The relevant provision of the Policy provides:

> LOSSES WE WILL PAY FOR YOU. Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:
> (1) *bodily injury* sustained by a person, and
> (2) damage to or destruction of property,
> arising out of the ownership, maintenance, or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

(Def. Trial Ex. A at 4 (emphasis in original).) In the DEFINITIONS section of the Policy, a "non-owned auto" is defined as "an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use." (*Id*. (emphasis in original).)

The evidence adduced at trial establishes that the vehicle involved in the accident was not

2

furnished for Schultz's regular use, and that the aforementioned exclusion is therefore not applicable. We fully credit Schultz's testimony that the vehicle was not available for her personal use and that she took it home with her from work at Precision only on those infrequent occasions when, at the request of her employer, she had a business errand to perform. We also credit her testimony that prior to the accident she was on an errand to Wal-Mart to buy supplies for her employer.

## CONCLUSIONS OF LAW

GEICO's Policy provides coverage where an insured becomes legally obligated to pay damages that arise "out of the ownership, maintenance or use . . . of the *owned auto* or a *non-owned auto*." (*Id*. (emphasis in original).) The Policy defines a "non-owned auto" as one that is "not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*." (*Id*. (emphasis in original).)

> It has been explained that the purpose of such a provision "is to provide protection to the insured for the occasional or infrequent use of [a] vehicle not owned by him or her and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use . . . . Whether a car has been furnished for regular use . . . is determined by the particular facts and circumstances in each case . . . . Factors to be considered, however, include the general availability of the vehicle and the frequency of its use."

*Liberty Mut. Ins. Co. v. Allstate Ins. Co.*, 237 A.D.2d 260, 261, 654 N.Y.S.2d 403 (2d Dep't 1997) (quoting *New York Cent. Mut. Fire Ins. Co. v. Jennings*, 195 A.D.2d 541, 542, 600 N.Y.S.2d 486 (2d Dep't 1993)) (citations omitted). Generally, the burden is on the insured to establish coverage in the first instance. *See Con. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218, 774 N.E.2d 687, 746 N.Y.S.2d 622 (2002). However, an "insurer bears the burden of establishing the applicability of an exclusion, and any ambiguity in an exclusion must be strictly construed against

3

the insurer." *Mundell v. Nationwide Ins. Cos.*, 181 Misc. 2d 475, 477, 693 N.Y.S.2d 400 (Sup. Ct. Seneca Co. 1999) (quoting *Allstate Ins. Co. v. Noorhassan*, 158 A.D.2d 638, 639 (2d Dep't 1990)).

Irrespective of which party bears the burden, our finding that the vehicle was not furnished for the regular use of Schultz leads us to conclude that the exclusion in question does not apply and that there is coverage under the Policy for the accident in which plaintiff was injured.[1]

However, we must address defendant's contention that the action should be dismissed on the basis of plaintiff's failure to join Allstate Insurance Company as a necessary party which defendant included as its first affirmative defense. (Def. Post-Trial Brief at 4.)

It is undisputed that the vehicle involved in the accident was covered by an insurance policy issued by Allstate to the owner of the vehicle, Precision. Consequently, defendant contends that "[t]he Allstate policy must be considered primary and the GEICO policy excess," and that, for this reason, "Allstate Insurance Company is a necessary party to the present action." (*Id.*) Defendant further maintains that since Allstate is the primary insurer of the vehicle, it has the initial duty to defend and provide coverage to Schultz. (*Id.*) Therefore, defendant contends that the Court cannot grant plaintiff the relief requested because the duty to defend and provide coverage for Schultz "falls first on Allstate" and at most, the Court could "issue a judgment stating that defendant GEICO is required to provide coverage to Ms. Schultz in excess to the unknown amount of coverage of the Allstate policy." (*Id.*) Defendant maintains that any such judgment would be contingent because the amount of the Allstate policy has not been proven and would not be binding on Allstate, who was never made a party to this action. (*Id.*) Consequently, defendant asserts that in the absence of

---

[1] We do not deem it necessary to address the issue of whether the "regular use" provision is a question of initial coverage rather than one of exclusion or which party bears the burden in the present case because it is clear that the vehicle was not furnished for Schultz's regular use.

Allstate as a party to this action, the Court cannot issue a final judgment under FED. R. CIV. P. 54 determining the coverage of the vehicle involved in the accident.

In response, plaintiff points out that Allstate has never disputed the fact that it owes coverage, that the coverage it owes is primary in this matter or that its liability is for the full amount of the policy. Plaintiff thus maintains that Allstate is not a necessary party because its rights will not be affected by the Court's disposition of the present action. (Pl. Reply Post-Trial Brief at 3.) Allstate has notified plaintiff's counsel in writing that Precision's insurance policy with Allstate carries a limit of $100,000.00 per person and that Allstate was tendering the full policy amount in settlement of plaintiff's claim. (Dempsey Aff. ¶ 6; Dempsey Aff. Ex. A.)

We therefore conclude that GEICO is required to provide coverage to Schultz in excess to the coverage of the Allstate policy, up to the limit of the GEICO Policies.

## SUMMARY

Defendant GEICO General Insurance Company ("GEICO") is hereby ordered to provide coverage to defendant Betty F. Schultz for the automobile accident in which plaintiff was injured in excess of the coverage provided by the Allstate Insurance Company policy. Plaintiff shall submit judgment order on notice to defendant.

SO ORDERED.
Dated: White Plains, New York
　　　　July 25, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　　　_William C. Conner_
　　　　　　　　　　　　　　　　　　　　　　　　　　　Sr. United States District Judge

5